UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATHEW M. PEARSON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>TWIN FALLS CITY; TWIN FALLS COUNTY; IDAHO DEPARTMENT OF CORRECTION; and STATE OF IDAHO,<br><br>　　　　　　Respondents. | Case No. 1:21-cv-00053-BLW<br><br>**INITIAL REVIEW ORDER** |

　　　　Twin Falls County Jail inmate Mathew Pearson ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the conditions of confinement in the jail violate the Constitution.[1] *See* Dkt. 1. Specifically, Petitioner alleges that he is at particularly high risk from the COVID-19 pandemic and that jail medical providers have failed to provide him with adequate medical treatment. Petitioner seeks release from jail as the remedy for these alleged constitutional violations. *Id*. at 7, 8 (asserting that "[r]elease is … necessary to make the habeas remedy effective," and

---

[1] Petitioner filed his initial pleading as a civil rights complaint, under 42 U.S.C. § 1983, that included the instant habeas claim. *See Pearson v. City of Twin Falls*, Case No. 1:20-cv-00484-BLW (D. Idaho Oct. 13, 2021). Because civil rights claims and habeas claims may not be brought in the same action, the Court severed Petitioner's habeas claim into this new, separate action under 28 U.S.C. § 2241. *See* Dkt. 2.

requesting any relief the Court "deems necessary, to include immidate [sic] release") (capitalization regularized).

## REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2241 is available to petitioners who show that they are in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c). In its discretion, courts may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to petitions filed under § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Habeas Rule 4.

**2.     Discussion**

Petitioner claims that the Constitution requires his release from jail because he is at high risk from the COVID-19 pandemic. However, this Court has previously held that such claims are not cognizable—meaning they cannot be heard—in a federal habeas action. *Jackson v. City of Twin Falls*, Case No. 1:21-cv-00013-BLW (Successive Review Order, Dkt. 7, at 5) (D. Idaho March 16, 2021) (unpublished). Instead, they must be brought under 42 U.S.C. § 1983, the civil rights statute.[2]

---

[2] The Court notes that Petitioner has already asserted such claims in *Pearson v. City of Twin Falls*, Case No. 1:20-cv-00484-BLW (D. Idaho).

Therefore, Petitioner's habeas claims are subject to summary dismissal as noncognizable.

## ORDER

**IT IS ORDERED:**

1. The petition for writ of habeas corpus (Dkt. 1) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge